UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES AND ACQUISITION OF CELL SITE INFORMATION | MISC. NO. 3:18mj 1045 (HBF) <br><br> Filed Under Seal |

FILED 2018 JUN 25 P
US DISTRICT C
BRIDGEPORT

## ORDER

Rahul Kale, Assistant United States Attorney for the District of Connecticut (the applicant), has submitted an application on behalf of the United States, pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d), requesting that the Court issue an order authorizing the installation and use of a pen register and trap and trace devices ("pen-trap devices") on the AT&T Wireless cellular telephone call number (203) 645-1162 (the "Target Telephone") and the acquisition of certain approximate location information for the Target Telephone, and other dialing, routing, and signaling information that may be associated with communications to or from the Target Telephone as described in Attachment A to this Order. The United States has also submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring AT&T Wireless to disclose the records and other information described in Attachments A, B and C to this Order. The Court finds:

1.  The applicant is an attorney for the government and has certified that the information likely to be obtained from such installation and use is relevant to an ongoing criminal investigation being conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") of unknown individuals in connection with possible violations of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute narcotics).

9

2. The United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to the same ongoing criminal investigation.

3. There is reason to believe that notifying any other person, including the subscriber of the Target Telephone, of the existence of this application and Orders, the resulting pen-trap devices, or this investigation, except as necessary to effectuate the Orders, will seriously jeopardize the ongoing investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. §§ 3123-24, that the applicant, the ATF may, for a period of sixty days from the date of installation of the pen-trap devices, install and use the pen-trap devices to collect dialing, routing, addressing, and signaling information for each communication to or from the Target Telephone, as described in Section II(a) of Attachment A, without geographic limit.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 2703(d) and 18 U.S.C. §§ 3122-24, the applicant, the ATF are authorized to acquire, during the same sixty-day period, all information requested in Section II(b) of Attachment A, without geographic limit, and to utilize electronic equipment to cause the Target Telephone to emit their unique identifiers.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that AT&T Wireless and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service.

IT IS FURTHER ORDERED that the ATF reasonably compensate AT&T Wireless and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order.

IT IS FURTHER ORDERED that the ATF and the applicant have access to the information collected by the pen-trap device as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

IT IS FURTHER ORDERED that AT&T Wireless and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the ATF of any changes relating to the Target Telephone, including changes to subscriber information, and provide prior notice to the applicant and the ATF before terminating or changing service to the Target Telephone.

IT IS FURTHER ORDERED that AT&T Wireless and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not disclose in any manner, directly or indirectly, by any action or inaction, including to the subscriber of the Target Telephone, identified above, the existence of this application and Order, the resulting pen-trap device, or the underlying investigation, except as necessary to effectuate the Order, unless and until authorized by this Court. *See* 18 U.S.C. § 2705(b) and 18 U.S.C. § 3123(d)(2).

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2703(d), that AT&T Wireless shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A, Part III to this Order.

IT IS FURTHER ORDERED that this Order and the application for this Order be sealed

until further order of this Court.

SO ORDERED this 15-TH day of December 2017.

/s/ Holly B. Fitzsimmons, USMJ
HON. HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

12

## ATTACHMENT A

**I. The Target Cell Phones**

The Order applies to certain information associated with the following cellular telephones: **(203) 645-1162** (the "Target Telephone").

**II. Information to Be Collected with Pen-Trap Devices**

The pen-trap devices are authorized to collect the following information for the Target Telephone listed in Part I of this Attachment.

   a. Pursuant to 18 U.S.C. §§ 3122-24
      All dialing, routing, addressing and signaling information associated with each communication to and from the Target Telephone, including, but not limited to:

         i. Any unique identifiers associated with the cell phone, including ESN, MEIN, MSISDN, IMSI, IMEI, SIM, or MIN.
        ii. Source and destination telephone numbers and email addresses.
       iii. Date, time and duration of all communications.

   b. Pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d)
         i. All data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which the target cell phone(s) will connect at the beginning and end of each communication.

**III. Records and Other Information to Be Disclosed**

Cellco Partnership d/b/a Verizon Wireless is required to disclose the following records and other information, if available, to the United States for each telephone number listed in Part I of this Attachment (the "Account"), for the time period of September 1, 2017 to the date of this order:

All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

*[signature] 12/15/2017*